```
Ic7despp
                              Plea
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,                    New York, N.Y.

             v.                              17 Cr. 00398(ER)

ROBERT ESPINEL,

             Defendant.

------------------------------x

                                             December 7, 2018
                                             12:18 p.m.

Before:

                    HON. EDGARDO RAMOS,

                                             District Judge


                         APPEARANCES

GEOFFREY S. BERMAN
     United States Attorney for the
     Southern District of New York
BY:  LARA POMERANTZ
     Assistant United States Attorney

THE PASCARELLA LAW FIRM
     Attorneys for Defendant
BY:  JAMES ADAM PASCARELLA

          - also present -

S.A. Michael Buscemi, FBI
```

Ic7despp
                            Plea

1
2          THE CLERK:  In the matter of the United States of
3    America versus Espinel.
4          Counsel, please state your name for the record.
5          MS. POMERANTZ:  Good afternoon, your Honor.  Lara
6    Pomerantz for the government, and with me at counsel's table is
7    Michael Buscemi of the FBI.
8          THE COURT:  Good afternoon.
9          MR. PASCARELLA:  Good afternoon, your Honor.  James A.
10   Pascarella on behalf of the defendant, Robert Espinel.
11         THE COURT:  And good afternoon to you both.
12         Ms. Pomerantz, what are we doing?
13         MS. POMERANTZ:  Your Honor, I believe we are moving
14   forward with a plea today.
15         THE COURT:  Mr. Pascarella?
16         MR. PASCARELLA:  That is correct, your Honor.
17         THE COURT:  OK.  Mr. Espinel, your attorney has
18   advised me that you wish to enter a plea of guilty.  I am happy
19   to take your plea.  However, before I do, I need to ask you a
20   series of questions, and I'm trying to determine essentially in
21   the first instance that you understand what is going on here
22   today and the consequences of taking a plea, or of pleading
23   guilty, and I'm also trying to determine whether you are in
24   fact guilty of the crime to which you wish to plead guilty.
25         And so, again, I have to ask you these series of

Ic7despp
Plea

1   questions, and as I do that, it is vitally important that you
2   be absolutely truthful.  So, I am going to have you placed
3   under oath.  OK?
4           THE DEFENDANT:  OK.
5           THE CLERK:  Please stand and raise your right hand.
6           (The defendant was sworn)
7           THE COURT:  So you may be seated and you may remain
8   seated.
9           And as I ask you these questions, if I ask you one and
10  you don't understand it, just let me know.  I will rephrase it.
11  Or if I ask you a question and you wish to speak with
12  Mr. Pascarella before you answer, just let me know that and I
13  will give you that opportunity.  OK?
14          THE DEFENDANT:  OK.
15          THE COURT:  We are going to start with this.
16          You are now under oath.  And do you understand that if
17  you answer any of my questions falsely, your answers could be
18  used against you in a prosecution for perjury or for make a
19  false statement?
20          THE DEFENDANT:  Yes, your Honor.
21          THE COURT:  Sir, what is your full name?
22          THE DEFENDANT:  Robert William Espinel.
23          THE COURT:  Can you make sure the microphone is close
24  to you.
25          And how old are you, sir?

                                Plea

1              THE DEFENDANT:  I'm 48.

2              THE COURT:  How far did you get in school?

3              THE DEFENDANT:  High school.

4              THE COURT:  So you are able to read and write in
5    English?

6              THE DEFENDANT:  Yes, sir.

7              THE COURT:  Sir, are you now or have you recently been
8    under the care of a doctor or psychiatrist?

9              THE DEFENDANT:  No, sir.

10             THE COURT:  Have you ever been treated or hospitalized
11   for any mental illness or any type of addiction, including drug
12   or alcohol addiction?

13             THE DEFENDANT:  No, your Honor.

14             THE COURT:  In the past 24 hours, have you taken any
15   drugs, medicine, or pills, or have you consumed any alcohol?

16             THE DEFENDANT:  No, your Honor.

17             THE COURT:  Is your mind clear today?

18             THE DEFENDANT:  Yes, your Honor.

19             THE COURT:  And, sir, are you feeling well enough to
20   proceed and to understand what is going on here today?

21             THE DEFENDANT:  Yes, your Honor.

22             THE COURT:  Now, Mr. Pascarella has informed me that
23   you wish to enter a plea of guilty.  Is that correct?

24             THE DEFENDANT:  Yes, your Honor.

25             THE COURT:  And, sir, have you had a full opportunity

                              Plea

1      to discuss your case with Mr. Pascarella, including any
2      possible defenses that you might have?
3              THE DEFENDANT:  Yes, your Honor.
4              THE COURT:  And have you had a full opportunity to
5      discuss with him the consequences of entering a plea of guilty?
6              THE DEFENDANT:  Yes, your Honor.
7              THE COURT:  Are you satisfied with Mr. Pascarella and
8      his representation of you?
9              THE DEFENDANT:  Yes, your Honor.
10             THE COURT:  Does either counsel have any doubt as to
11     Mr. Espinel's competence to enter a guilty plea at this time?
12             MS. POMERANTZ:  No, your Honor.
13             MR. PASCARELLA:  No, your Honor.
14             THE COURT:  Very well.  On the basis of Mr. Espinel's
15     responses to my questions and my observations of his demeanor,
16     I find that he is fully competent to enter an informed guilty
17     plea at this time.
18             Now, the next series of questions that we need to go
19     over are the rights that you are giving up by pleading guilty.
20     So, again, please listen very carefully.
21             First, you have the right to be represented by an
22     attorney at trial and at every other stage of the proceeding.
23     If you could not afford an attorney, an attorney would be
24     appointed to represent you without cost to you.
25             Do you understand that?

Ic7despp
                              Plea

1                THE DEFENDANT:  Yes, your Honor.

2                THE COURT:  You have a right to a speedy and public

3    trial by a jury on the charges against you which are contained

4    in the Indictment.  Do you understand?

5                THE DEFENDANT:  Yes, your Honor.

6                THE COURT:  At trial, you would be presumed innocent,

7    and the government would be required to prove you guilty by

8    competent evidence beyond a reasonable doubt before you could

9    be found guilty.  You would not have to prove that you were

10   innocent at trial.  Do you understand?

11               THE DEFENDANT:  Yes, your Honor.

12               THE COURT:  If there were a jury trial, the jury would

13   be composed of 12 people selected from this district, and all

14   12 would have to agree unanimously that you were guilty before

15   you could be found guilty.  Do you understand?

16               THE DEFENDANT:  Yes, your Honor.

17               THE COURT:  At trial, you would have a right to see

18   and hear all of the witnesses against you, and your attorney

19   could cross-examine them.  Your attorney could object to the

20   government's evidence and offer evidence on your behalf.  You

21   would also have the right to have subpoenas issued to compel

22   witnesses to come to court to testify in your defense.

23               Do you understand?

24               THE DEFENDANT:  Yes, your Honor.

25               THE COURT:  At trail, you would have the right to

1   testify if you wanted to, but no one could force you to

2   testify.  And if you chose not to testify, I would tell the

3   jury that it could not hold that against you.  Do you

4   understand?

5            THE DEFENDANT:  Yes, your Honor.

6            THE COURT:  If you were convicted at trial, you would

7   have the right to appeal that verdict.  Do you understand?

8            THE DEFENDANT:  Yes, your Honor.

9            THE COURT:  And, Mr. Espinel, do you also understand

10  that by entering a plea of guilty here today you are giving up

11  all of the rights that I have just described, except for your

12  right to counsel, and you will be found guilty based solely on

13  your plea of guilty?

14           THE DEFENDANT:  Yes, your Honor.

15           THE COURT:  Sir, do you understand that you can change

16  your mind right now for any reason and decide that you did not

17  want to plead guilty?

18           THE DEFENDANT:  Yes, your Honor.

19           THE COURT:  OK.  Now, Mr. Espinel, have you received a

20  copy of the Indictment?

21           THE DEFENDANT:  Yes, your Honor.

22           THE COURT:  Have you read the Indictment?

23           THE DEFENDANT:  Yes, your Honor.

24           THE COURT:  Have you discussed the Indictment with

25  your attorney?

Ic7despp
                              Plea

1              THE DEFENDANT:  Yes, your Honor.

2              THE COURT:  Sir, do you understand that you are
3    charged in Count Two of that Indictment with conspiring to pay
4    bribes, in violation of Title 18 of the United States Code,
5    Section 371?

6              THE DEFENDANT:  Yes, your Honor.

7              THE COURT:  Ms. Pomerantz, what are the elements of
8    that offense?

9              MS. POMERANTZ:  Your Honor, the elements are as
10   follows:  First, that two or more persons entered the unlawful
11   agreement charged in the Indictment; second, that the defendant
12   knowingly and willfully became a member of the conspiracy; and,
13   third, that a member of the conspiracy knowingly committed an
14   overt act in furtherance of the conspiracy, in violation of
15   Title 18, United States Code, Section 666.

16             THE COURT:  Thank you.

17             Mr. Espinel, did you hear what the prosecutor said?

18             THE DEFENDANT:  Yes, your Honor.

19             THE COURT:  And, sir, do you understand that if you
20   did not plead guilty to this count, the government would have
21   to prove each and every one of those elements beyond a
22   reasonable doubt at trial?

23             THE DEFENDANT:  Yes, your Honor.

24             THE COURT:  And, sir, have you discussed with
25   Mr. Pascarella the possible punishment that you face if you

Ic7despp
                                    Plea

1  were to plead guilty to this charge?
2              THE DEFENDANT:  Yes, your Honor.
3              THE COURT:  Sir, do you understand that this charge
4  carries a maximum term of imprisonment of five years?
5              THE DEFENDANT:  Yes, your Honor.
6              THE COURT:  And there is also a maximum term of
7  supervised release of three years?
8              THE DEFENDANT:  Yes, your Honor.
9              THE COURT:  And in addition, there are financial
10 penalties, including a $100 special assessment that I must
11 impose and a fine that I could impose that could be as high as
12 either $250,000 or twice the gross gain from the offense or
13 twice the gross loss to victims of the offense.  Do you
14 understand that?
15             THE DEFENDANT:  Yes, your Honor.
16             THE COURT:  Now, I mentioned the term "supervised
17 release."  Do you understand that supervised release means that
18 you will be subject to monitoring and supervision when you are
19 released from prison, if you are sentenced to a term of
20 imprisonment?
21             THE DEFENDANT:  Yes, your Honor.
22             THE COURT:  And that there are terms and conditions of
23 supervised release with which you must comply, and if you do
24 not comply with them, you could be returned to prison without a
25 trial.  Do you understand?

Plea

         THE DEFENDANT:  Yes, your Honor.

         THE COURT:  And do you understand that if you violate the terms or conditions of supervised release and are returned to prison, that new term could be for part or all of the term of supervised release and that you will not receive credit for time previously served in prison on this charge?

         THE DEFENDANT:  Yes, your Honor.

         THE COURT:  And as part of your sentence, I can also order restitution to any person injured as a result of your criminal conduct.  Do you understand?

         THE DEFENDANT:  Yes, your Honor.

         THE COURT:  Now, Mr. Espinel, do you further understand that if I accept your guilty plea and find you guilty, that determination may deprive you of certain valuable civil rights such as the right to vote, the right to hold public office, the right to serve on a jury, the right to possess any kind of firearm, and the right to hold certain professional licenses?

         THE DEFENDANT:  Yes, your Honor.

         THE COURT:  Mr. Espinel, are you a U.S. citizen?

         THE DEFENDANT:  Yes, your Honor.

         THE COURT:  Now, the next series of questions that we need to discuss involve the Sentencing Guidelines.  So, let me begin by asking you, do you understand that there are Sentencing Guidelines that I must consider in determining the

Plea

appropriate sentence in your case?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  And have you spoken with Mr. Pascarella about how the guidelines apply to your case?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  And, sir, do you understand that I have to calculate the appropriate guideline range, or the applicable guideline range, and then I have to consider that range in determining what your sentence will be?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  And do you also understand that I will not be able to make that calculation until after a presentence report has been prepared by the U.S. Probation Department and both you and your attorney and the government have had a chance to review a draft of that report?  Do you understand that?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  And do you further understand that even after I calculate the applicable guideline range, I have the ability to impose a sentence that could be higher or lower than what the guidelines recommend?  Do you understand?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  And in addition to the guidelines, do you also understand that there is a law, known as Title 18 of the United States Code, Section 3553(a), which outlines a number of factors that, again, I am required to consider, such as factors

Plea

about you and your history and your characteristics and about the nature of the offense, in order to determine the appropriate guideline range -- rather, the appropriate sentence in your case?  Do you understand?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  So even after I calculate the guidelines, I have to consider these other factors and, again, might settle on a sentence that can be higher or lower than what the guidelines recommend.  Do you understand?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Now, Mr. Espinel, do you understand that if your attorney or anyone else has attempted to estimate or predict what your sentence will be, their estimate or prediction could be wrong?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  So while it is perfectly appropriate for you and Mr. Pascarella to have discussed how the sentence will be calculated, no one can give you any assurance of what your sentence will be.  Do you understand that?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Mr. Espinel, I say all of this to you because you need to understand today that if your sentence is different from what your attorney or anyone else has told you it might be, or if it is different from what you expect, or even if it is different from what is contained in your

Plea

1 agreement with the government, you will still be bound by your
2 guilty plea and you will not be allowed to withdraw your guilty
3 plea?  Do you understand?
4     THE DEFENDANT:  Yes, your Honor.
5     THE COURT:  Sir, do you understand that if you are
6 sentenced to prison, there is no parole in the federal system
7 and you will not be released early on parole?
8     THE DEFENDANT:  Yes, your Honor.
9     THE COURT:  Now, the next series of questions that we
10 need to discuss involve your agreement with the government.
11     I have been provided with a letter dated September 24,
12 2018.  It is a six-page document, and there are a series of
13 signatures on page 6.
14     I am going to hold that up.  Can you see that from
15 where you are seated?
16     THE DEFENDANT:  Yes, sir.
17     THE COURT:  Is that your signature on this page?
18     THE DEFENDANT:  Yes, sir.
19     THE COURT:  OK.  So this document will be marked Court
20 Exhibit No. 1.
21     Now, Mr. Espinel, did you read this agreement before
22 you signed it?
23     THE DEFENDANT:  Yes, your Honor.
24     THE COURT:  Did you discuss it with Mr. Pascarella
25 before you signed it?

                                  Plea

1              THE DEFENDANT:  Yes, your Honor.
2              THE COURT:  Did you fully understand the agreement
3    when you signed it?
4              THE DEFENDANT:  Yes, your Honor.
5              THE COURT:  Sir, does this agreement include your
6    understanding of the entire agreement between you and the
7    government?
8              THE DEFENDANT:  Yes, your Honor.
9              THE COURT:  Mr. Espinel, is there any other agreement
10   or any other promise about your plea or your sentence that is
11   not contained in this agreement?
12             THE DEFENDANT:  No, your Honor.
13             THE COURT:  Did anyone threaten you or force you to
14   enter into the plea agreement?
15             THE DEFENDANT:  No, your Honor.
16             THE COURT:  Other than what is in the agreement, has
17   anyone promised you anything or offered you anything in order
18   to plead guilty?
19             THE DEFENDANT:  No, your Honor.
20             THE COURT:  Has anyone made a promise to you as to
21   what your sentence will be?
22             THE DEFENDANT:  No, your Honor.
23             THE COURT:  Now, there is a stipulation in the
24   agreement concerning the Sentencing Guidelines.
25             Sir, do you understand that that stipulation binds you

and it binds the government but it does not bind me?  I am still going to make may own determination as to what the appropriate guidelines' range is.  Do you understand that?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  And do you also understand that under certain circumstances, both you and the government have a right to appeal any sentence that I might impose?  However, because of the stipulation in the agreement, if I sentence you within or below the stipulated guidelines' range, you are essentially giving up your right to appeal the sentence that I impose.  Do you understand that?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Ms. Pomerantz, would you please summarize what the government would expect to prove if this case were to go to trial?

MS. POMERANTZ:  Your Honor, as to Count Two, the government would expect to prove that the defendant agreed with others to bribe officers in the Licensing Division in exchange for help with gun licenses upon his planned retirement from the NYPD.

And as to the proof, that would consist of cooperating witness testimony, witnesses such as officers from the Licensing Division, cell phone evidence, including text messages, business records, and the government would also prove that acts in furtherance of the conspiracy took place in

Plea

Manhattan, including at the Licensing Division.

The government would also proffer that the NYPD receives more than $10,000 a year of federal funding and it received such funding the year prior to the charged conduct and that the value of the transactions was more than $5,000 based on the expected dollar value of the bribes made.

THE COURT:  Where is the Licensing Division?  Where is it located?

MS. POMERANTZ:  One Police Plaza here in Manhattan.

THE COURT:  Thank you.

Mr. Espinel, did you hear what the prosecutor said?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  And, sir, have you clearly understood everything that has happened here today so far?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Mr. Espinel, will you please now tell me in your own words what it was that you did that makes you guilty of the crime to which you are pleading guilty.

THE DEFENDANT:  Yes, your Honor.

In December of 2015, I was retiring from the New York City Police Department as a police officer in the Pistol Licensing Division.  I subsequently left the Police Department and opened an expediting business.

THE COURT:  Sorry.  And opened?

THE DEFENDANT:  An expediting business.

Ic7despp
Plea

1      THE COURT:  OK.

2      THE DEFENDANT:  Consulting.

3      I, along with another, agreed to provide benefits to Ochetal and Villanueva of the NYPD's Licensing Division.  That same month, in furtherance of the conspiracy, I, along with another met, Ochetal and Villanueva at a diner in Manhattan to discuss providing them with benefits to help us obtain licenses for our clients.

9      THE COURT:  And, Mr. Espinel, when you did that, when you engaged in those acts, did you know that what you were doing was wrong and against the law?

12     THE DEFENDANT:  Yes, your Honor.

13     THE COURT:  Did anyone threaten or coerce you to do those things?

15     THE DEFENDANT:  No, your Honor.

16     THE COURT:  Does either counsel wish me to make any further inquiry?  Ms. Pomerantz?

18     MS. POMERANTZ:  No.  Thank you, your Honor.

19     THE COURT:  Mr. Pascarella?

20     MR. PASCARELLA:  No.  Thank you, your Honor.

21     THE COURT:  Mr. Pascarella, do you know of any valid defense that would prevail at trial or any reason why your client should not be permitted to plead guilty?

24     MR. PASCARELLA:  I do not, your Honor.

25     THE COURT:  Mr. Pascarella, do you believe that there

Ic7despp
Plea

1   is an adequate factual basis to support the plea of guilty?
2           MR. PASCARELLA:  I do.
3           THE COURT:  Ms. Pomerantz, do you believe that there
4   is an adequate factual basis to support the plea of guilty?
5           MS. POMERANTZ:  Yes, your Honor.
6           THE COURT:  Very well.  Mr. Espinel, how do you now
7   plead to the charge in Count Two of the Indictment, guilty or
8   not guilty?
9           THE DEFENDANT:  Guilty, your Honor.
10          THE COURT:  Are you in fact guilty of that charge?
11          THE DEFENDANT:  Yes, your Honor.
12          THE COURT:  Are you pleading guilty voluntarily and of
13  your own free will?
14          THE DEFENDANT:  Yes, your Honor.
15          THE COURT:  Is the government seeking forfeiture?
16          MS. POMERANTZ:  We are not, your Honor.
17          THE COURT:  Very well.  Mr. Espinel, because you
18  acknowledge that you are in fact guilty as charged in Count Two
19  of the Indictment, because I find that you know your rights and
20  are waiving them knowingly and voluntarily with an
21  understanding of the consequences of your plea, including the
22  potential sentences that may be imposed, I accept your guilty
23  plea and find you guilty of the charge in Count Two.
24          I will now direct that a presentence investigation be
25  conducted by the Probation Department and that a report be

Ic7despp
                         Plea

1     prepared.
2               You will be interviewed by the Probation Office as
3     part of that process, Mr. Espinel.  You can and should have
4     your lawyer with you during that interview.  It is entirely
5     possible that members of your family will also be interviewed
6     during that process.
7               The presentence report is a very important part in my
8     decision as to what your sentence will be.  You and your
9     attorney will have an opportunity to review a draft of that
10    report, and you should bring any mistakes or discrepancies that
11    you find therein to my attention.  It is very important that
12    you review it very carefully.  You and your lawyer will also
13    have the opportunity to speak on your behalf before I impose
14    sentence.
15              Is there a date for sentencing?
16              THE CLERK:  March 8th at 11 a.m.
17              THE COURT:  You both have that date?
18              MR. PASCARELLA:  That is good for me, your Honor.
19              MS. POMERANTZ:  That is fine, your Honor.
20              THE COURT:  Ms. Pomerantz, is there anything else that
21    we need to do today?
22              MS. POMERANTZ:  I don't believe so.  Thank you, your
23    Honor.
24              THE COURT:  I take it there is no application with
25    respect to Mr. Espinel's bail?

Ic7despp
                              Plea

1              MS. POMERANTZ:  No, your Honor.
2              THE COURT:  Mr. Pascarella, anything else from you?
3              MR. PASCARELLA:  No.  Thank you, your Honor.
4              THE COURT:  In that event, we are adjourned.  We'll
5    see you in March, folks.
6              MS. POMERANTZ:  Thank you, your Honor.
7              MR. PASCARELLA:  Thank you, your Honor.
8              THE CLERK:  All rise.
9              (Adjourned)